**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAIME ARTURO VALDEZ-REYES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 16-73196

Agency No. A201-288-309

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2022**
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Jaime Arturo Valdez-Reyes (Valdez-Reyes), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

dismissing his appeal of the denial of asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT).[1]

Substantial evidence supports the agency's adverse credibility determination based on material inconsistencies identified by the immigration judge (IJ) in Valdez-Reyes' testimony. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (applying substantial evidence standard of review to adverse credibility determinations). In his affidavit in support of his asylum application, Valdez-Reyes related that, when he was twelve years old, he was raped by his cousin "when [Valdez-Reyes'] parents came to visit for the weekend." During his removal proceedings, Valdez-Reyes conceded that, when he was interviewed by a Customs and Border Protection officer, he lied when he recounted that "while [he] was in [his] home town of Michoacán, approximately two weeks [prior] [his] cousin raped [him] and threatened to kill [him]."

Valdez-Reyes also conveyed in his affidavit that, after he came to the United States in 1999, the cousin continued to harass him, and Valdez-Reyes "called [his cousin] and told him to stay away from [Valdez-Reyes'] family." However, Valdez-Reyes subsequently testified that the last time he had any contact with his

---

[1] Valdez-Reyes has waived any challenge to the agency's denial of withholding of removal and CAT relief because he does not specifically address the merits of "these claims in his opening brief." *Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021) (citation omitted).

cousin was in 1998.  Additionally, Valdez-Reyes provided conflicting details concerning the circumstances of his sexual abuse, and whether he remained at a hotel in Nogales, Mexico, following his removal from the United States.  These inconsistencies "identified by the IJ within and between [Valdez-Reyes'] written, verbal, and documentary evidence regarding what happened to him in Mexico . . . more than adequately support the agency's factual determination as to [Valdez-Reyes'] lack of credibility."  *Id.* at 749.  Although Valdez-Reyes was afforded opportunities to explain the inconsistencies, "the IJ and [BIA] were not compelled to accept [his] explanation[s]." *Hong Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (citation omitted).

Contrary to Valdez-Reyes' assertions, the BIA properly held that Valdez-Reyes failed to preserve for appeal any challenge to the IJ's determination that Valdez-Reyes "did not establish a pattern or practice of persecution of effeminate homosexual males" in support of a well-founded fear of future persecution. Valdez-Reyes' notice of appeal to the BIA stated without elaboration that he was appealing the IJ's ruling that he did "not have a well-founded fear of future persecution based on his membership in the particular social group of effeminate homosexual men.  In his brief before the BIA, Valdez-Reyes succinctly maintained that, because he suffered past persecution, he was entitled to a presumption of a

3

well-founded fear of future persecution, with no mention of a pattern or practice of persecution. In sum, neither Valdez-Reyes' notice of appeal nor his brief "made a clear, non-conclusory argument" of a pattern or practice of persecution against effeminate homosexual males in Mexico. *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021).[2]

Valdez-Reyes did not otherwise contend that the IJ erred in holding that there was insufficient evidence to demonstrate that there was "private violence that Mexican authorities [were] unwilling or unable to control," and that Valdez-Reyes "established very little to no individualized risk" of persecution. Because substantial evidence supports the adverse credibility determination and because Valdez-Reyes failed to establish a likelihood of future persecution, he is not entitled to relief.

---

[2] Valdez-Reyes also contends that a remand is warranted because the IJ erred in relying on *Castro-Martinez v. Holder*, 674 F.3d 1073 (9th Cir. 2011), *as amended*, a case that we overruled in *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1056 (9th Cir. 2017) (en banc). The IJ relied on *Castro-Martinez* in its alternative holding that, even if Valdez-Reyes was deemed credible, he was unable to demonstrate past persecution. However, the BIA concluded that Valdez-Reyes failed to establish past persecution due to the IJ's adverse credibility determination, and did not address or adopt the IJ's alternative ruling. No remand is required because "[w]here the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted).

**PETITION DENIED.**